UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-62117-CIV-DAMIAN

JAMAL JACKSON,

      Plaintiff,

v.

GLOBAL LENDING SERVICES, LLC,

      Defendant.

_____/

ORDER AFFIRMING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report"), entered on February 17, 2026 [ECF No. 33], recommending that the Court grant in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint and to Compel Arbitration [ECF No. 18] ("Motion to Dismiss"). Plaintiff filed timely Objections to the Report [ECF No. 37] ("Objections"), and Defendant filed a Response to Plaintiff's Objections [ECF No. 40]. The matter is now ripe for review.

THE COURT has reviewed the Motion to Dismiss, the Report, the Objections and Response thereto, the pertinent portions of the record, and applicable law and is otherwise fully advised.

For the reasons set forth below, this Court adopts the Report, grants the Motion to Dismiss, and stays this matter pending arbitration.

## I. BACKGROUND

The background facts and procedural history are laid out in detail in the Report, so this Court does not rehash them in detail here but recaps those particularly relevant to this Court's consideration of the Report and Objections.

Plaintiff, Jamal Jackson ("Jackson"), proceeding *pro se*, filed a Complaint in County Court in and for Broward County, Florida, against Defendant, Global Lending Services, LLC ("GLS"), on September 12, 2025. [ECF No. 1-2]. In the Complaint, Jackson alleged violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). On October 21, 2025, GLS removed the action to this Court on the basis of subject matter and supplemental jurisdiction. [ECF No. 1].

Jackson filed an Amended Complaint on November 12, 2025. [ECF No. 14]. In the Amended Complaint, Jackson alleges claims under the Fair Credit Reporting Act ("FCRA"), the FDCPA, and the Truth in Lending Act ("TILA"). [ECF No. 1-2 at 3-4.]. The Amended Complaint includes two state-law claims. *Id.* On November 26, 2025, Defendant moved to dismiss or stay the case pursuant to a binding arbitration agreement. [ECF No. 18]. As set forth in the Amended Complaint, to finance an automobile purchase, Jackson and a co-buyer entered a Retail Installment Sales Contract (the "Contract") with a seller that assigned its contractual interest to GLS. The Contract included an arbitration provision, which provides: "Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral binding arbitration and not by a court action." [ECF No. 18-1]. The Arbitration Provision also included, on the flipside of the Contract, a provision which provides, in part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

[ECF No. 18-1 at 7]. The Arbitration Provision then clarifies that it "shall be governed by the Federal Arbitration Act . . . ." *Id*. Elsewhere, the Contract's arbitration provision addresses termination and indicates that the arbitration provision "shall survive any termination, payoff or transfer of this contract." *Id*. Regarding waiver, the Arbitration Provision specifies, "Neither you nor we waive the right to arbitrate by using self-help remedies . . . ." *Id*.

Jackson alleges that, several years after entering the Contract, he fully paid off the remaining balance and thus satisfied the loan. [ECF No. 14]. He alleges that GLS accepted and acknowledged the payment but "continued collection communications and harassing calls . . . ." *Id*. ¶ 10. And, Jackson alleges that GLS provided false credit information to credit reporting agencies after the loan balance was paid off. *Id*. ¶ 11. Jackson asserts that GLS has, among other things, "defaulted in state court," "engaged in settlement communications," and "requested extensions." [ECF No. 19 at 4].

As indicated above, GLS moved to dismiss or stay the case pending arbitration based on the Arbitration Provision. [ECF No. 18 at 1-2].

## II. LEGAL STANDARD

When a magistrate judge''s "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection."

*Leatherwood v. Anna's Linens Co.*, 384 F. App''x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner objected). A party's objections are improper, however, if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) ("It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (Altonaga, J.); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (Ungaro, J.) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III. DISCUSSION

As an initial matter, this Court observes that Jackson's Objections are, at bottom, a rehashing of the same arguments, somewhat expanded upon, that he made in the underlying Response to the Motion to Dismiss. Jackson essentially disagrees with the Magistrate Judge and asks this Court to address the very same arguments he presented to him. This is improper and is a sufficient basis for this Court to review the Report under the clear-error standard. Nonetheless, this Court has engaged in a *de novo* review of the record (which review confirms that Jackson is making the same arguments before this Court that he made to the Magistrate Judge).

In his Objections, which are construed liberally in light of Jackson's *pro se* status, Jackson argues that the Magistrate Judge erred by (1) failing to acknowledge that the Arbitration Provision does not extend to Jackson's claims; (2) that the Arbitration Provision did not survive the full payoff of the loan; (3) that GLS is now estopped from invoking the Arbitration Provision; (4) that GLS has duties, including statutory duties, that arise outside of the contract; (5) that due process and the Constitution require that Jackson be permitted to pursue his claims; and (6) that GLS waived its rights to pursue arbitration. *See generally* Obj. Based on a *de novo* review of the record and having carefully considered Jackson's Objections, this Court overrules them.

This Court has carefully considered the parties' memoranda and Judge Strauss's Report, and, as stated above, Judge Strauss carefully and thoroughly addressed each of the issues raised in Jackson's Response to the Motion, which are the same issues raised in the Objections to the Report. This Court has undertaken a careful review of the underlying memoranda and the Report and agrees with Judge Strauss's reasoning and conclusions.

As Judge Strauss concluded, this Court agrees, on the record before it, that the Arbitration Provision does extend to Jackson's claims despite Jackson's payoff of the loan at issue and that Jackson has not shown that enforcement of the Arbitration Provision would violate his Constitutional rights. This Court also agrees that despite the record activity identified by Jackson, GLS did not waive its rights to pursue arbitration. In short, Jackson has not demonstrated any reason why the Magistrate Judge's conclusions were incorrect, and, to the contrary, the undersigned agrees with the Magistrate Judge's analysis and finds Jackson has shown no reason in his Objections for this Court to disagree with the Magistrate Judge's conclusions.

## I.    CONCLUSION

In sum, this Court agrees with Magistrate Judge Strauss's well-reasoned determination that, under the circumstances presented, the parties are bound by the Arbitration Provision in their Contract. As such, this Court agrees that this matter shall be arbitrated.

Accordingly, for the reasons stated in Magistrate Judge Strauss's Report, and upon *de novo* review, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation [**ECF No. 33**] is **AFFIRMED AND ADOPTED** and incorporated herein for all purposes, including appellate review. It is further

**ORDERED AND ADJUDGED** that the Motion to Dismiss and Compel Arbitration [**ECF No. 18**] is **GRANTED IN PART**. This Action is **STAYED** pending binding arbitration.

The Clerk is directed to **CLOSE** this case for administrative purposes pending arbitration.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Order to Plaintiff, Jamal Jackson, 1601 NW 7th Court, Fort Lauderdale, FL 33311.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 7th day of April, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record

Jamal Jackson
1601 NW 7th Cout
Fort Lauderdale, FL 33311
954-444-4624
PRO SE